UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wayne Douglas Leneau, #200799 | ) | C/A No. 4:09-1781-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| | ) | |
| Warden, Kershaw Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 7, 2009. A review of the petition reveals that petitioner alleges his original sentence and his original parole time have expired but he is still being held on a parole violation, that a judge did not sign his arrest warrant on a parole violation, that he was denied the right to counsel and to be heard on his PCR application, and that agent S. Nicole Ellis was never at any of plaintiff's proceedings when Ellis was the one who signed the arrest warrant for the parole violation. (Petition). Petitioner alleges that additional time was added to his original sentence, and he was given a new parole date of February 11, 2009. Petitioner filed a notice of change of address with this Court on August 26, 2009.

Respondent filed a motion for summary judgment on September 8, 2009. The undersigned issued an order filed September 9, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on September 18, 2009.

On October 6, 2009, respondent filed a reply asserting that petitioner was released from the South Carolina Department of Corrections to the Supervised Furlough II Program on September 1, 2009, and was under the supervision of the Sumter County Office of the South Carolina Department of Probation Parole and Pardon Services. Further, respondent stated that petitioner "will be under supervision until his sentence is completed on March 8, 2010." (Doc. #23). Therefore, an order was issued on April 21, 2010, giving the parties five days from the date of said order to inform the court of the status of petitioner's custody and, if released as asserted, their position on how it affects this action if at all. Petitioner did not file a response.

On April 23, 2010, respondent filed a response and request to dismiss as moot asserting petitioner completed supervised requirements on March 8, 2010. Respondent states that petitioner has completed any supervisory responsibilities under his conviction and his South Carolina files have been closed. (Doc. #27). Respondent submits that the expiration of his supervisory release renders the action moot. Respondent argues as the only relief petitioner sought in his petition was a release from the conditions of supervision, the Court is without a remedy since complete service has occurred upon the challenged state action surrounding his parole revocation. Therefore, respondent requests that this action be dismissed since petitioner's sentence(s) has been completed and his requests are now rendered moot.

Where a petitioner attacks his sentence only and not the validity of his conviction, expiration of the sentence moots the case. See Lane v. Williams, 455 U.S. 624, 631 (1982). A person seeking

relief pursuant to § 2254, must show that he is "in custody pursuant to the judgment of a State Court ... in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). The person need not necessarily be in prison to meet the "in custody" requirement. If he is subject to any "restraints on a man's liberty, restraints not shared by the public generally," he is considered to be "in custody". Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).Therefore, as petitioner has been released from confinement and supervisory release as of March 8, 2010, it is recommended that this action be dismissed as MOOT.[2]


CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT.


Respectfully Submitted,


s/Thomas E. Rogers, III
April 30, 2010                              Thomas E. Rogers, III
Florence, South Carolina            United States Magistrate Judge


**The parties' attention is directed to the important notice on the next page.**

---

[2] In the alternative, the petition fails as the issues raised are procedurally barred. Petitioner did not file a direct appeal from his sentence and his PCR application was dismissed as untimely. There is no indication that petitioner filed an appeal from the PCR decision so that his petition is procedurally barred from habeas review. Coleman v. Thompson, 501 U.S. 722, (1991). Additionally, there is no evidence that petitioner exhausted his state remedies challenging his calculation of time.